**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

## CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRO SE (NON-PRISONER) LITIGANTS IN ACTIONS
### UNDER 28 U.S.C. § 1331 or § 1346 OR 42 U.S.C. § 1983

WILLIAM EARL SCOTT,                    **SECOND AMENDED COMPLAINT**
a disabled person
     Plaintiff,

vs.                                    CASE NO: 4:08-cv-00205-RH-WCS

SHERIFF LARRY CAMPBELL, as
Sheriff of Leon County, Florida,

CPT. CARL BENNETT, Individually,
and in his capacity as Jail Administrator

DEPUTY ROGER PAXTER, Individually,
and in his capacity as guard

PRISON HEALTH SERVICES, INC.,
Individually

LETICIA WRIGHT, RN, Individually,
and in her capacity as Health Services Administrator

DR. DAVID BROWN, MD,
Individually, and in his capacity as Medical Director

     Defendants.

,

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 AUG 18  AM 10: 46

FILED

## ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

### I. PLAINTIFF:

State your full name and full mailing address in the lines below.

| | |
|---|---|
| Name of Plaintiff: | William Earl Scott |
| Mailing address: | 179 Northwood Lane |
| | Crawfordville, Florida 32327 |

### II. DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for **every** Defendant:

| | |
|---|---|
| (1) Defendant's name: | Sheriff Larry Campbell |
| Official position: | Sheriff of Leon County, Florida |
| Employed at: | Leon County Sheriff's Department |
| Mailing address: | 2825 Municipal Way |
| | Tallahassee, Florida 32304 |

| | |
|---|---|
| (2) Defendant's name: | Prison Health Services, Inc. |
| Official position: | Medical Provider at Leon County Jail |
| Employed at: | Prison Health Services, Inc. |
| Mailing address: | 105 Westpark Drive |
| | Brentwood, Tennessee 37027 |

CT Corporation System
1200 South Pine Island Road
Plantation, Florida 33324

| | |
|---|---|
| (3) Defendant's name: | Captain Carl Bennett |
| Official position: | Leon County Jail Administrator |
| Employed at: | Leon County Jail |
| Mailing address: | 2825 Municipal Way |
| | Tallahassee, Florida 32304 |

2

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

(4) Defendant's name:       Roger Paxter
Official position:          Guard
Employed at:                Leon County Sheriff's Department
Mailing address:            Leon County Jail
                            2825 Municipal Way
                            Tallahassee, Florida 32304

(5) Defendant's name:       Leticia Wright, RN
Official position:          Administrator of Medical Services at Leon County Jail
Employed at:                Prison Health Services, Inc.
Mailing address:            105 Westpark Drive
                            Brentwood, Tennessee 37027

(6) Defendant's name:       Dr. David Brown, MD
Official position:          Medical Director at Leon County Jail
Employed at:                Prison Health Services, Inc.
Mailing address:            105 Westpark Drive
                            Brentwood, Tennessee 37027

## III. STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (**If there are facts which are not related to this same basic incident or issue,**

**they must be addressed in a separate civil rights complaint.**)

1.    Plaintiff, William Earl Scott (Scott), a disabled person, was an inmate at the Leon County Jail, awaiting trial, from May 7, 2004 through October 26, 2004, except for temporary transports to Wakulla County Jail and Gadsden County Courthouse.

2.    Defendant, Sheriff Larry Campbell, is responsible for the Leon County Jail and assigned Captain Carl Bennet as Jail Administrator responsible for the day to day operation of the Leon County Jail, including the provision of medical services.

3.    Prison Health Services, Inc. (PHS), provides medical services at the Leon County Jail under the direction of the Sheriff, and Leticia Wright, RN, administers the day to day medical operation at the Leon County Jail. Dr. David Brown of PHS is the Medical Director for PHS in Leon County.

4.    Scott is disabled, as determined by the Social Security Administration, due to chronic severe lower back pain, leg pain, and myofascial pain, resulting from degenerative disc disease, bulged and herniated discs, kyphosis, Schmorl's nodes, nerve impingement, and sciatica. These conditions substantially limit his ability to walk, stand, bathe, and sleep without pain medication, an adequate mattress, devices to assist walking, and on occasion, a wheelchair.

5.    At the time of his incarceration, Scott was under the care of Neurologist, Winston Ortiz who had prescribed and was treating Scott's condition and pain with Oxycontin, Vicodin, Valium, and Soma.

6.    Without adequate medication, Scott is unable to walk without excruciating pain and can stand for only short periods of time.

7.    When Scott was placed in Leon County Jail, Scott was evaluated by Prison Health Services personnel and it was recommended that he be held in the infirmary. Scott was held in the infirmary for 22 days in an, approximately 8 X 12 ft., glass walled psychiatric cell. Scott's wife provided the Jail with Scott's prescription medications and Dr. Ortiz provided the Jail with Scott's medication list.

4

8.      Scott requested his pain medication from the Jail medical staff on the day he was incarcerated and every day thereafter asked for relief from his pain and for his medications, and the Jail medical staff refused to give Scott any of his medications.

9.      During the entire time Scott was incarcerated in Leon County Jail, he was denied his medications as prescribed by his doctor, Ortiz, and received only non-prescription pain relievers such as Salsalate (aspirin), Tylenol, and Motrin. Scott also received Flexeril for his back spasms.

10.     Scott was provided a wheelchair to use while in the Leon County Jail, as he was unable to walk without extreme pain.

11.     On May 18, 2004, Scott's wheelchair was taken by Jail personnel, Roger Paxter, and replaced by a wheelchair which had a broken wheel, no foot rests, and no brakes. After Scott complained about the broken wheelchair being dangerous, Jail personnel got another wheelchair, but when Scott attempted to move to from the broken wheelchair to the other wheelchair, Scott fell and injured his back, when the broken wheelchair moved because it lacked brakes. Paxter ordered Scott to get up and return to his cell, which he could not do without assistance. Subsequently, another prisoner dragged Scott back into his cell.

12.     Scott's pain increased after his fall on May 18, 2004.

13.     On May 20, 2004, Scott was seen by Dr. Brown, in the infirmary. Scott told Dr. Brown, about his chronic pain, and his disability, Dr. Brown stated, "What do you want me to do about it"?

14.     On September 16, 2004, Leon County Jail personnel, Roger Paxter, took Scott's wheelchair. While deprived of his wheelchair and trying to get to breakfast and shower, Scott fell and injured himself. The wheelchair was returned only after the intervention of Scott's lawyer.

15.     After being released from the Leon County Jail, Scott's Neurologist ordered an MRI which shows that additional injuries occurred to the thoracic region of Scott's back during his incarceration in the Leon County Jail, which were probably caused by his falls. Scott was also diagnosed with Fibromyalgia.

16.     During Scott's incarceration in the Leon County Jail, the mattress he was given had no foam inside. The lack of padding in the mattress given him by Jail personnel made Scott's back pain worse and increased his pain. Jail and Jail medical personnel refused Scott's request for a better mattress.

17.     The Jail medical personnel and the employees of PHS were not qualified to treat

5

Scott's medical condition, and the Sheriff and PHS knew that they were not qualified to treat Scott's medical condition.

18.    While incarcerated in Leon County Jail, Scott developed a severe sinus infection, which caused Scott's face to swell and hurt. Although Scott requested medical treatment, Jail medical personnel and PHS refused to treat Scott's sinus infection except with decongestants.

19.    On June 14, 2004, Scott developed a large cyst on his hand. By June 15, 2004, the cyst was extremely painful and had swollen to the size of a large lemon. Scott was denied treatment for the bite until June 17, 2004 and then received only antibiotics ointment.

20.    Also on June 17, 2004, Scott was transported to Wakulla County Jail where his sinus infection was treated with antibiotics, his cyst was treated with antibiotics, and he was able to receive his pain medications as prescribed by Dr. Ortiz.

21.    On June 24, 2004, Scott was returned to Leon County Jail and placed in a cell. The toilet overflowed and Scott was told to clean it up with a mop and bucket from his wheelchair, "or he would sleep in it". Cleaning the cell made Scott's pain worse.

22.    On July 2, 17, and 22, 2004 Mr. Scott filed three separate Medical Grievance Forms. Leticia "Tish" Wright, RN, responded to Mr. Scott's July 2, 2204, grievance by stating: "A court order was not done and if it was, they (PHS) were not obligated to follow it."

23.    On 08/27/2004, the Medical Director told Charles McClure, Scott's attorney that "they (PHS) will not treat Mr. Scott, PERIOD".

24.    The Sheriff, Jail personnel, PHS, and named Jail medical personnel, though aware of Scott's serious medical condition and chronic pain, were deliberately indifferent to Scott's pain and disabilities.

25.    Scott's medical condition, as confirmed to the Sheriff, Jail personnel, PHS, and named Jail medical personnel by Scott, Scott's wife, Scott's medical records, and Scott's doctor Ortiz, demonstrated an objectively serious need for medical treatment, pain management, and special facilities to accommodate his medical condition and disability.

26.    The response of the Sheriff, Jail personnel, PHS, and named Jail medical personnel, to Scott's serious medical needs and disability was objectively insufficient and inadequate.

27.    The Sheriff, Jail personnel, PMS, and named Jail medical personnel, knew of

Scott's special and serious medical needs and disability, because they were told of such needs by Scott, Scott's wife, Scott's counsel, Scott's neurologist, and had access to Scott's medical records.

28.   By any objective measure, the Sheriff, Jail personnel, PHS and named Jail medical personnel, were required by the known facts, to act to prevent the pain, suffering, and injuries which were caused by the failure to treat Scott's medical problems and disability by the Sheriff, Jail personnel, PHS, and named Jail medical personnel and failure to take steps necessary to prevent Scott's further injury.

29.   By deliberate indifference, the Sheriff, Jail personnel, PHS, and named Jail medical personnel, caused Scott unnecessary pain, suffering, illness, and injuries which worsened Scott's medical problems, both temporarily and permanently.

30.   The deliberate indifference of the Sheriff, Jail personnel, PHS, and named Jail medical personnel, damaged Scott.

31.   Upon information and belief, the Sheriff receives Federal Funding used for operations and programs at the Leon County Jail.

## IV. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section III. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

### Count I
### Violation of Civil Rights

1.      This is a claim brought pursuant to 42 U.S.C. §1983, for violation, under color of state law, of Scott's civil rights under the Eighth and Fourteenth Amendments to the Constitution of the United States.

2.      Scott seeks attorney's fees and costs under 42 U.S.C. §1988.

3.      The facts alleged show that the Sheriff, Jail personnel, and named Jail medical personnel, through deliberate indifference, subjected Scott to cruel and unusual punishment and violated Scott's right to procedural due process, in violation of Scott's civil rights and Scott seeks damages for the deprivation, under color of state law, of those rights secured to Scott by the Eighth and Fourteenth Amendments to the Constitution of the United States.

4.      The individually named Defendants were either the agents of the Sheriff, who is therefore responsible to Scott for their actions, or in the alternative, the individually named Defendants were acting outside the course and scope of their duties and employment with the Sheriff, and are individually liable to Scott.

5.      All of the Defendants are jointly and severally liable to Scott for the damages he suffered.

### Count II
### Violation of the Americans With Disabilities Act of 1990

6.      Scott has a disability as previously described.

7.      Scott, as a prisoner at Leon County Jail, was qualified to participate in or receive the benefit of programs, activities, and medical services at the Leon County Jail available to other prisoners.

8.      Scott was excluded from participating in or receiving the benefit of programs, activities, and medical services available to other prisoners at the Leon County Jail because of his disabilities and the failure of the Sheriff, Jail personnel, and named Jail medical personnel to accommodate his disabilities.

9.     Scott was excluded from participating in or receiving the benefit of programs, activities, and medical services available to other prisoners at the Leon County Jail because of his disabilities and the deliberate decision of the Sheriff, Jail personnel, and named Jail medical personnel not to accommodate his disabilities.

10.    Scott was damaged by the deliberate decision of the Sheriff, Jail personnel, and named Jail medical personnel to not accommodate his disabilities so that he might participate and receive the benefit of jail programs, activities, and particularly adequate medical services.

## Count III
## Violation of the Rehabilitation Act of 1973

11.    Scott has a disability as previously described.

12.    Scott, as a prisoner at Leon County Jail, was otherwise qualified to participate in or receive the benefit of programs, activities, and medical services at the Leon County Jail available to other prisoners.

13.    Scott was excluded from participating in or receiving the benefit of programs, activities, and medical services available to other prisoners at the Leon County Jail because of his disabilities and the failure of the Sheriff, Jail personnel, and named Jail medical personnel to accommodate his disabilities.

14.    Scott was excluded from participating in or receiving the benefit of programs, activities, and medical services available to other prisoners at the Leon County Jail because of his disabilities and the deliberate decision of the Sheriff, Jail personnel, and named Jail medical personnel not to accommodate his disabilities.

15.    On information and belief, the Sheriff and Jail receive Federal Funds.

16.    Scott was damaged by the deliberate decision of the Sheriff, Jail personnel, and named Jail medical personnel not to accommodate his disabilities.

## V. RELIEF REQUESTED:
State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes.

1.     Scott seeks damages against all of the named defendants for grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment,

humiliation, and bodily injury, which damages have occurred at present, in the past and will most likely occur in the future.

2.      Scott asks for judgment against the Defendants for compensatory damages against Defendants and punitive damages against Defendants in their individual capacities for the Defendants' violations of Scott's rights.

3.      Scott asks for prejudgment interest on his damages.

4.      Scott asks for reasonable attorneys' fees and costs; and

5.      Scott asks for other relief that would be fair and do justice.

6.      Scott demands a trial by jury on all issues so triable in this action.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

8-18-08
_____
(Date)

_____
(Signature of Plaintiff)

Revised 07/02

10